## Kunsman v. Brady

*Paul D. Edelman,* for plaintiff.

*Stevens & Lee* and *John H. Bertolet,* for defendant.

SCHAEFFER, P. J., December 15, 1933.—This is a rule, obtained by the defendant, to show cause why the return of the alias writ of summons should not be set aside. The return in question is as follows:

"September 22, 1933. Served the within writ upon Genevieve G. Brady, formerly Mrs. Nicholas F. Brady, defendant within named, by leaving with the caretaker, Hans Greenawalt, the person for the time being in charge thereof, a true and attested copy thereof at her place of residence in the Township of Lower Heidelberg, County of Berks and State of Pennsylvania, and making known to him the contents thereof. So answers, etc."

In his answer to the rule, the plaintiff contends that the service as shown by the return is valid under subsection (e) of section 1, cl. 1, of the Act of July 9, 1901, P. L. 614, 12 PS § 291. This is the provision that service may be made "By handing a true and attested copy thereof, at his place of business, to his agent, partner, or the person for the time being in charge thereof, if upon inquiry thereat his residence in the county is not ascertained, or if for any cause an attempt to serve at his residence has failed."

Clearly the return here discloses no compliance with this provision. There is no averment that the place where service was attempted was the defendant's place of business, nor any averment that Greenawalt was the defendant's agent or partner or the person for the time being in charge of the defendant's place of business. On the contrary, the return designates the place of service as defendant's place of residence and Greenawalt as the caretaker of that residence.

Nor can the service be upheld as being in conformity with any other provision of the Act of 1901. The return does not show a service upon defendant personally, nor upon an adult member of her family at her dwelling house, nor upon "an adult member of the family with which he [defendant] resides," nor "at his place of residence, to the manager or clerk of the hotel, inn, apartment-house, boarding-house, or other place of lodging at which he [defendant] resides".

The method of service prescribed by this act is exclusive: McDonald et al., to use, v. Central District and Printing Telegraph Co., 1 Just. 112; Brenner v. Meltzer, 14 Dist. R. 45. A strict compliance with the requirements of the act is required: Smith v. Long, 27 York 183. Hence the return here cannot be upheld.

And now, to wit, December 15, 1933, the rule to set aside the return is made absolute.                                            From Charles K. Derr, Reading, Pa.